UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTONIO U. AKEL,

    *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

    *Defendant*.

Civil Action No. 20-3240 (RDM)

## MEMORANDUM OPINION

This is the Court's third opinion in this garden variety Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, case. The dispute started when Plaintiff, Antonio Akel, submitted a FOIA request to the Department of Justice ("Department"), seeking "[a]ll ex parte communications between the U.S. Attorney's Office for the Northern District of Florida and the U.S. District Court for the Northern District of Florida utilizing the official Dept. of Justice email accounts as to it pertains to [himself] and [his] case." Dkt. 55-1 at 2–3 (3d Wilkinson Dec. ¶ 6). In the first opinion, the Court granted in part and denied in part the Department's motion for summary judgment and granted in part and denied in part Akel's cross-motion for summary judgment. *Akel v. U.S. Dep't of Justice*, 578 F. Supp. 3d 88, 100 (D.D.C. 2021) ("*Akel I*"). In particular, the Court upheld the Department's search for responsive records, "except with respect to the email communications of former AUSA Thomas Swaim." *Id.* at 95. With respect to Swaim's email communications, the Court explained that the Department's search was deficient because "Swaim was one of the two prosecutors in Plaintiff's criminal case;" although he no longer worked in the U.S. Attorney's office, his email had been archived; yet the Department had

failed to search those archived emails. *Id.* at 96–97. With respect to the other attorneys who worked on Akel's case, however, the Court was satisfied that a search of their still-active email systems was sufficient. *Id.* at 97–99. Among other things, those attorneys, who still worked in the office, indicated that they had "saved every email related to Plaintiff's case, searched those files, and found that there were *no ex parte* communications with chambers." *Id.* at 98.

Two events of relevance occurred after the Court issued its decision in *Akel I*. First, the Department "conducted a search of AUSA Swaim's [a]rchived [e]mails, as ordered by [t]he Court." Dkt. 39 at 7. That search covered the period from January 1, 2007 to June 19, 2008. *Id.* The Department subsequently determined, however, that the search period should run from January 1, 2007 to the date of the search. Dkt. 54 at 2. Neither search located any responsive records. Second, Akel sought leave to add a second FOIA request to his complaint, Dkt. 33 at 1, and the Court granted that motion in July 2022, Min. Order (July 13, 2022). The second FOIA request was broader than the first; it requested "[a]ll email communications pertaining" to Akel or to his case, as opposed to first request, which sought only ex parte communications with the court. Dkt. 55-1 at 4 (3d Wilkinson Decl. ¶ 10).

These events, then, led up to the Court's second opinion in this case, in which the Court granted in part and denied in part the Department's second motion for summary judgment and denied Akel's cross motion. *Akel v. U.S. Dep't of Justice*, No. 20-cv-3240, 2023 WL 2585667, at *9 (D.D.C. March 21, 2023) ("*Akel II*"). This time, the Court held that the Department's search of Swaim's emails with respect to both the first and second FOIA requests was adequate and thus granted summary judgment in favor of the Department in that respect. *Id.* at *6. That decision, in combination with the Court's prior decision, fully resolved Akel's claims with

respect to his first FOIA request—and partially resolved Akel's claims with respect to his second FOIA request.

Akel argued, however, that other deficiencies remained with respect to the Department's handling of the second request. In particular, he argued that "the Department had failed to offer sufficient detail to establish that it [had] conducted an adequate search" because the Department did not indicate (1) who performed the search of the five email accounts identified in the request; (2) whether the terms "Akel" and "3:07-cr-136-LAC" were used in the search; and (3) whether the search spanned from November 2007 through the present. *Id.* With one exception, the Court was unpersuaded. The Court first rejected Akel's contention that the Department had failed to identify who had conducted the search; as explained in the third Wilkinson declaration, the search was conducted by the AUSAs who were still employed (they searched their own email systems) and by the Cyber Security Staff ("CSS") of the Executive Office of the United States Attorneys (which searched Swaim's archived email). *Id.* Nor was the Court convinced that the Department had failed to identify the relevant search range; as explained in the third Wilkinson declaration, CSS used the date range of January 1, 2007 to the present, and the others searched for all materials "up to the date of the search." *Id.* at *7.

As to Akel's second objection, however, the Court agreed that the Department needed to do more to carry its burden on summary judgment. As the Court explained, the third Wilkinson declaration did not indicate whether the assistant United States attorneys who still worked in the office had received a copy of Akel's second FOIA request; it stated only that they had received a "mass email" asking them to "search for potentially-responsive material." *Id.* In the Court's view, that assertion lacked the detail necessary to assess the adequacy of the search, and the Court, accordingly, denied the Department's motion in part. *Id.* at *7–8.

3

That, then, leads to the pending motions and the Court's third opinion in the case. Before turning to the handful of issues that remain, the Court pauses to note that this is not how FOIA is supposed to work. Had the Department exercised greater care in conducting and describing its prior searches, the case could—and should—have been resolved long ago. The type of iterative process represented by this case—and all too many FOIA cases—constitutes a burden on the time of resources of all involved, and, more importantly, it is at odds with the statutory design, which attempts to foster expedition. *Cf. Shteynlyuger v. Centers for Medicare & Medicaid Servs.*, No. 20-cv-2982, 2023 WL 6389139, at *32 (D.D.C. Sept. 30, 2023).

Turning to the remaining issues in dispute, three motions are now before the Court: (1) the Department's third motion for summary judgment, Dkt. 64; (2) Akel's renewed cross-motion for summary judgment, Dkt. 67; and (3) Akel's motion for leave to withdraw any complaint pertaining to his first FOIA request (#EOUSA-2020-3734), Dkt. 66. For the reasons explained below, the Court will **GRANT** the Department's third motion for summary judgment, will **DENY** Akel's third cross-motion for summary judgment, and will **DENY** as moot Akel's motion for leave to withdraw his (already adjudicated) claims relating to his first FOIA request.

**A.**

The Court starts with Akel motion to withdraw his claims relating to his first FOIA request (#EOUSA-2020-3734), Dkt. 66 at 1, because it merits only brief discussion. As explained above, the Court has already granted summary judgment to the Department in full with respect to Akel's first request. As a result, no claim remains to withdraw. The Court will, accordingly, deny Akel's motion to withdraw his claims relating to his first FOIA request as moot.

4

**B.**

The Department moves a third time for summary judgment, arguing that it has finally demonstrated the adequacy of its searches. Dkt. 64 at 1. To establish that it, in fact, used the relevant terms—including "Akel" and "3:07-cr-136-LAC"—in its searches, the Department offers the fifth Wilkinson declaration. Wilkinson attests that on June 14, 2021, when the U.S. Attorney's Office's FOIA contact, Anthony Garner, emailed all staff in the Northern District of Florida and directed them to search for responsive material, he "copied and pasted items (1) and (2) of the [FOIA] request—i.e.[,] the subject matter sought by Plaintiff" into his email. Dkt. 64-2 at 4 (5th Wilkinson Decl. ¶ 12). Sections (1) and (2) describe Akel's request for email communications pertaining to himself, Antonio Akel, or his case number, 3:07-cr-136-LAC. Dkt. 33 at 9. Wilkinson also attests that each assistant United States attorney involved with Akel's prosecution and/or appeal searched a segregated database of their emails and that these segregated databases were created from criteria that included Akel's name and case number, further ensuring that the search was adequate. Dkt. 64-2 at 4–5 (5th Wilkinson Decl. ¶ 14). Finally, Wilkinson declares that the office certified that the search of its internal database, CaseView, emails of relevant parties, and public databases employed the term "CR#07cr-136-LAC-MCR." Dkt. 64 at 3; Dkt. 64-2 at 5 (5th Wilkinson Decl. ¶ 17).

In response, Akel argues that the search was still inadequate because, even if the Department searched for his name and case number in the segregated email accounts, CSS did not search the archival database for emails with those terms for the four assistant United States attorneys other than Swaim. Dkt. 68 at 2–3. Akel is mistaken. To be sure, his FOIA request "ask[ed] the agency personnel to not arbitrarily or capriciously withhold . . . and to [conduct a] search in accord with the EOUSA's ARCHIVAL and RETRIEVAL policy surrounding

5

Government email accounts." *See* Dkt. 74 at 2. But that does not mean that any search that failed to include the archived email of current employees was inadequate. The Court already rejected a similar version of this argument that Akel raised with respect to his first FOIA request. *See Akel I*, 578 F. Supp. 3d at 97–99. Although a search of the archival database may be necessary to locate the records of *former* employees, like Swaim, the same is not true of the four current employees, who maintain active email databases that contain all emails related to Akel's prosecution and appeal. For these employees (Forbes, Register, Acosta, and Davies), a search of their segregated email databases "can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Akel offers no reason to believe otherwise.

The Court will, accordingly, grant summary judgment to the Department on this issue.

### C.

Akel's cross-motion for summary judgment raises one additional argument. He maintains that the Department did not, in fact, search Swaim's archived emails and that, instead, it mistakenly directed CSS to search the archival database for "Swain" (ending with an "n" rather than an "m"). Dkt. 67 at 2–3. Akel previously raised this objection in a filing submitted shortly after the Court filed its opinion on the prior round of summary judgment motions, *see* Dkt. 59 at 2. In response, the Department filed an errata, explaining that the misspelling was a "typographical error" that was "limited entirely to paragraph 19 of . . . Wilkinson's Third Declaration and had no effect on any search related to this matter." Dkt. 61 at 1. Wilkinson attests in his fourth declaration that he has "since located the internal search requests sent to the CSS staff to initiate both of the ProofPoint searches for Thomas Swaim" and confirmed that "[h]is name was spelled correctly in each document, which confirms that the correct record

custodian was searched and the results were accurate." Dkt. 61-1 at 1–2 (4th Wilkinson Decl. ¶ 3).

Akel's cross-motion points to various places in the Department's second motion for summary judgment, Dkt. 39, and the Department's opposition to Akel's second cross-motion for summary judgment, Dkt. 52, where the Department misspelled Swaim's name in a similar manner, also mistakenly using an "n" rather than an "m" at the end of his name. Dkt. 67 at 2. The problem with Akel's argument, however, is that a lack of care by litigation counsel does not show that CSS made the same mistake, and, indeed, the evidence now shows that CSS did not do so. The fourth Wilkinson declaration attests, under the penalty of perjury, that he reviewed the search terms and confirmed that "Swaim" was spelled correctly. Dkt. 61-1 at 1–2 (4th Wilkinson Decl. ¶ 3). Once again, Akel offers no reason to question that evidence or to disregard the presumption of good faith that typically applies to agency declarations in FOIA cases.

The Court, accordingly, concludes that the uncontroverted record establishes that the Department conducted an adequate search for records responsive to Akel's second FOIA request.

## CONCLUSION

For the foregoing reasons, the Court will **DENY** as moot Plaintiff's motion to partially withdraw his complaint, Dkt. 66, **GRANT** Defendant's third motion for summary judgment, Dkt. 64, and **DENY** Plaintiff's cross-motion for summary judgment, Dkt. 67.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 4, 2024

7